ALVIS W.HOWARD AND JEAN S.HOWARD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Howard v. Commissioner
Docket No. 1098-72.
United States Tax Court
T.C. Memo 1974-3; 1974 Tax Ct. Memo LEXIS 316; 33 T.C.M. (CCH) 12; T.C.M. (RIA) 74003; January 9, 1974, Filed *316 Held, petitioners failed to carry burden of proving that their basis in real estate sold in 1967 included value of rent-free occupancy agreement and other expenditures claimed. Alvis W. Howard, pro se. Frank Simmons, for the respondent. DRENWEN MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined a deficiency in petitioners' income tax and an addition to tax as follows: Taxable year
Deficiency
Addition to tax Sec. 6653(a)
1967
$443.44
$22.17
*317 2 The issues presented for our consideration are: (1) Whether the petitioner's basis in certain real estate was less than the price for which he sold the property, thereby creating a taxable gain for petitioner; and (2) whether petitioner is subject to the addition to tax for the taxable year 1967 under section 6653(a), I.R.C. 1954. FINDINGS OF FACT Certain facts have been stipulated and are found accordingly. Alvis W. Howard and Jean S. Howard, husband and wife (sometimes hereinafter referred to as Alvis and Jean), were residents of Pascagoula, Miss., at the time of filing this petition. They timely filed their joint individual income tax return for the taxable year 1967 with the southeast service center, Chamblee, Ga. Alvis will hereinafter be referred to as petitioner. During 1959, James M. Shepard (hereinafter referred to as James), the brother of Jean S. Howard, was indicted on certain criminal charges. Jean's family needed ready cash to pay the legal expenses involved in the defense of James, which they did not have. Jean prevailed upon petitioner to assist her family in obtaining this money. In order to provide the necessary funds for the legal expenses, *318 petitioner entered into an oral agreement with Jean's grandmother, Etta Sue Shepard (hereinafter referred to as Etta 3 Sue), and certain other family members to purchase a house and lot owned by various members of the family at 411 Arms Avenue, Huntsville, Ala. At the time of this agreement, the house was occupied by Etta Sue and her son, Floyd B. Shepard, who was the father of James and Jean. This property was conveyed by deed to petitioner in November 1959, and the deed was duly recorded. The deed recited that the transfer was made in consideration of the sum of $10 and other good and valuable consideration. A United States documentary stamp with a value of $2.75 was attached to this deed. The deed made no reference to any agreement between the parties. Under the terms of the oral agreement, petitioner paid the sum of $2,500 for the defense of James. Actually, petitioner obtained a loan for this amount and paid the $2,500 directly to the attorney representing James. Petitioner also agreed that Etta Sue and her son, Floyd, could remain in the house for the remainder of Etta Sue's life without paying any rent. James was convicted on the criminal charge and was sent *319 to prison. From time to time thereafter petitioner was in contact with James and his attorney relative to a possible appeal of James' case and his release from prison. Etta Sue and her son resided in the house conveyed to petitioner rent free from November 1959 to May 1967, and 4 petitioner did not report any rental income from the property on his tax returns. Floyd died in June 1967, and following his death, Etta Sue moved out of this house and took up residency with petitioner and his wife. This house and lot which had been purchased by petitioner in November 1959 was sold by him in 1967 to the Housing Authority of the City of Huntsville, Alabama, for $7,000. Petitioner reported the sale on his income tax return for 1967 but claimed a basis in the property of $10,350, and, hence, reported no gain on the transaction. In the notice of deficiency respondent determined that petitioner sold the property for $8,000 and had a basis in the property for purposes of determining gain in the amount of $2,500, and that petitioner thus realized a gain of $5,500. At trial, however, respondent agreed that the sales price was $7,000. OPINION The principal issue is the amount of *320 petitioner's basis in the property sold for purposes of computing gain or loss on the transaction. Respondent argues that his basis is the $2,500 petitioner paid to the attorney who defended James in the criminal proceeding in 1959. Petitioner, on brief, claims a basis of $11,308, consisting of $2,500 in actual cash paid to James' attorney, $1,158 claimed to have been spent by him for travel, telephone calls, and other expenses related to James' legal defense, and $7,650, 5 representing the fair rental value of the property, computed at the rate of $85 per month for the 90 months property was occupied rent free by Etta Sue after it was transferred to petitioner in 1959. Section 1011, I.R.C. 1954, provides that the adjusted basis for determining the gain or loss from the sale or other disposition of property shall be the basis determined under section 1012 or other applicable sections of the Code, adjusted as provided in section 1016. No other sections of the Code and none of the provisions of section 1016 have been shown to be applicable here, so we must look solely to section 1012. Section 1012 provides that the basis of property shall be the cost of the property, with *321 exceptions not applicable here. Section 1.1012-1(a), Income Tax Regs., states, in pertinent part, that " * * * The cost is the amount paid for such property in cash or other property. * * *" Respondent has determined that the cost of this property to petitioner was $2,500, and petitioner had the burden of proving that determination to be erroneous. Rule 32, Rules of Practice, United States Tax Court (effective at time of trial). Petitioner has failed to carry that burden, and we hold for respondent on this issue. The evidence offered by petitioner consisted of his own testimony, some documentary evidence, including a copy of 6 the deed of the property to petitioner, and the offer to purchase the property for $7,000 made to petitioner by the Housing Authority of the City of Huntsville, Alabama, copies of several letters from attorneys to petitioner relative to James' case, and an affidavit purportedly signed by Etta Sue Shepard relative to the sales agreement.Petitioner testified that under the sales agreement, the fair rental value of the house which Etta Sue was permitted to occupy rent free was a part of the purchase price of the property, all amounts expended by him in *322 connection with James' legal defense were also to be a part of the purchase price, and that he spent various amounts totaling $1,158 for telephone calls and trips from Massachusetts to Alabama, and to the prison where James was incarcerated, pursuant to the sales agreement. Petitioner offered no reliable evidence to support his own testimony concerning the terms of the oral agreement, nor did he offer any evidence to prove either that he had actually spent the $1,158 for the purposes mentioned, or how any such expenditures were related to James' legal defense, or that such expenditures, if made, were a part of the cost of the property to him. The letters from the two attorneys simply show that petitioner remained in touch with the case for several years after the trial. 7 The affidavit of Etta Sue was technically not admissible in evidence but, even if admitted, can be given little, if any, weight. Etta Sue was apparently living with petitioner and his wife at the time of trial but was not produced as a witness. But even the affidavit conflicts to some extent with petitioner's testimony. The affidavit recited that the sales agreement was a cash payment of $2,500 and rent-free *323 occupancy of the house as the balance of the purchase price. It said nothing about additional payments to be made by petitioner relative to James' defense. Additionally, facts recorded prior to respondent's audit of petitioners' tax return for 1967 tend to contradict petitioners' contentions. The revenue stamp attached to the deed received by petitioner in 1959 was in the amount of $2.75. Section 4361 of the Internal Revenue Code, effective in 1959, imposed a tax on the transfer of real estate at the rate of 55 cents for each $500, or fraction thereof, of consideration paid for the property. The maximum consideration that would be covered by the $2.75 revenue stamp attached to the deed was $2,500. While we recognize that the revenue stamps attached to a deed are not conclusive evidence of the consideration paid, they provide a reliable means of checking the self-serving testimony of the owner as to the actual consideration paid for the real estate. United States v. 18.46 Acres of Land, Etc., 312 F. 2d 287 (C.A. 2, 1963). See also Alstores Realty Corporation, 46 T.C. 363 (1966). 8 A further factor weighing against petitioner *324 is that he did not report on his tax returns any rental income from the property either in the year of purchase or on an annual basis; and there is no evidence whether the value of the rent-free occupancy agreement was reported by the sellers as a part of the sales price. We think this suggests that petitioner's agreement to let Etta Sue occupy the premises rent-free was an accommodation, to his wife's grandmother rather than a part of the purchase price of the property. And finally, even if we were to accept petitioner's testimony that the rent-free occupancy of the house by Etta Sue was intended to be a part of the consideration paid for the property, petitioner offered no reliable evidence from which we could determine either a reasonable monthly rent for the house or the value of the rent-free occupancy agreement at the time of the purchase by petitioner. This case is readily distinguishable from Alstores Realty Corporation, supra, because in that case it was clear from the evidence that the value of the rent-free occupancy agreement was a part of the consideration paid for the property and what that value was. We conclude that petitioners have failed to carry *325 their burden of proving that respondent erred in determining that their basis in the property sold in 1967 was $2,500. Hence, petitioners realized a taxable gain of $4,500 on the sale of the property. However, because respondent admittedly used 9 the wrong sales price in computing the amount of the deficiency, the decision will have to be computed under Rule 155, Rules of Practice and Procedure, United States Tax Court (effective January 1,1974). Respondent determined that petitioners are liable for an addition to tax under section 6653(a), I.R.C. 1954. Petitioners had the burden of proving error in that determination. Since petitioners offered no evidence or argument on that issue, respondent's determination must be sustained. Decision will be entered under Rule 155.